**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEAN STEEVES,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No.: 3:26-cv-00568-BAS-VET<br><br>**REPORT AND RECOMMENDATION FOR ORDER DISMISSING PETITIONER'S PETITION TO QUASH INTERNAL REVENUE SERVICE SUMMONS AND GRANTING UNITED STATES' MOTION TO ENFORCE IRS SUMMONS**<br><br>**[ECF Nos. 1, 4]** |

This Report and Recommendation is submitted to Chief District Judge Cynthia Bashant pursuant to 28 U.S.C. § 636(b) and Civil Local Rule 72.1.

## I. <u>INTRODUCTION</u>

On January 28, 2026, Dean Steeves ("Petitioner") filed a Petition to Quash Internal Revenue Service Summons ("Petition to Quash"), challenging an Internal Revenue Service Form 6637 Summons Collection Information Statement ("IRS Summons") directed to Petitioner. ECF No. 1. In response, the United States ("Respondent") filed a Motion to Summarily Deny Petition to Quash and Enforce IRS Summons ("Motion to Enforce").

ECF No. 4. Following Plaintiff's timely reply, *see* ECF No. 5 ("Reply"), Respondent filed a supplemental response with leave of Court, *see* ECF No. 8 ("Supplemental Response").

Having considered the Petition and related pleadings, the record before it, and for the reasons discussed below, the Court **RECOMMENDS** that the Petition to Quash be **DISMISSED** and the Motion to Enforce be **GRANTED**.

## II. BACKGROUND

This matter arises from Petitioner's assessed federal income tax liabilities for tax years 2011 through 2023 ("subject tax years"), which exceed $10,000,000. ECF Nos. 4-1 at 6, 4-2 at 2 (¶ 8). To aid in the collection of Petitioner's tax liabilities, IRS Revenue Officer Joseph A. Unger ("Officer Unger") seeks to locate and verify assets available to satisfy those assessed tax liabilities. ECF No. 4-2 at 2 (¶ 9). Officer Unger is not investigating for purposes of auditing the federal tax liabilities of Petitioner or any other person or entity. *Id.*

On May 18, 2023 and August 10, 2023, Officer Unger mailed to Petitioner Notices of Intent to Levy and Right to Collection Due Process Hearing ("2023 Notices"), covering tax years 2011–2012 and 2013–2018, respectively. *Id.* at 2–3 (¶ 10). Additionally, on November 27, 2025, Officer Unger mailed to Petitioner and his authorized representative a Notice of Federal Tax Lien Filing and Right to Collection Due Process Hearing for tax years 2019–2020 and 2022–2023. ECF Nos. 1-2 at 24–30, 4-2 at 3 (¶ 11).

On August 27, 2025, approximately 832 and 748 days following the mailing of the 2023 Notices, Petitioner requested a collection due process ("CDP") or equivalent hearing for tax years 2011–2012 and 2013–2018. ECF Nos. 1-2 at 2 (¶ 5), 7–8, 4-1 at 7, 4-2 at 2–3 (¶ 10). The IRS Appeals Office determined that these requests were untimely. ECF Nos. 4-1 at 7, 4-2 at 2–3 (¶ 10).

On January 8, 2026, furthering his investigation, Officer Unger issued the IRS Summons at issue. ECF Nos. 4-1 at 7, 4-2 at 3 (¶ 13). The IRS Summons seeks Petitioner's "testimony" and an "examination" of documents and records related to the "collection" of Petitioner's federal income tax liabilities for the subject tax years. ECF No. 4-2 at 6. On

the same day, Officer Unger served an attested copy of the IRS Summons by leaving it at Petitioner's "last and usual place of abode" and mailing it to his authorized representative. ECF No. 4-2 at 3 (¶¶ 14–15), 6–8, 10–12.

On January 12, 2026, Petitioner filed a request for a CDP hearing for tax years 2019–2020 and 2022–2023. ECF Nos. 1-2 at 21–22, 4-1 at 8, 4-2 at 3–4 (¶ 16). The request was submitted seven days after the deadline to request a CDP or equivalent hearing. ECF Nos. 4-1 at 8, 4-2 at 3–4 (¶ 16). Petitioner was granted an "equivalent CDP lien hearing" for tax years 2019–2020 and 2022–2023. ECF No. 8 at 7–8.

On January 28, 2026, Petitioner petitioned the Court to quash the IRS Summons on the ground that the IRS Summons constitutes harassment, oppression, or abuse, in violation of 26 U.S.C. § 6304.[1] ECF No. 1 at 2. Petitioner argues that he requested a CDP hearing months before Officer Unger issued the IRS Summons, which should have temporarily ceased all collection activity against Petitioner. *Id.*

On February 9, 2026, Petitioner timely requested a CDP hearing for tax year 2021. ECF No. 4-2 at 3–4 (¶ 16).

On March 18, 2026, Respondent moved to summarily deny the Petition asserting that this Court lacks subject matter jurisdiction over the Petition pursuant to 26 U.S.C. §§ 7609(c)(2)(A) and 7609(c)(2)(D)(i). ECF No. 4-1 at 9. In addition, Respondent seeks enforcement of the IRS Summons on the basis that the United States established the "summons' prima facie validity" under *United States v. Powell*, 379 U.S. 48 (1964), and Petitioner failed to overcome the prima facie validity. *Id.* at 12.

In his Reply, Petitioner argues again that the issuance of the IRS Summons constitutes harassment, oppression, or abuse. ECF No. 5 at 4–6. Petitioner further contends that the IRS' method of service of the IRS Summons violates the fourth prong of the *Powell* test. *Id.* at 6–7. Additionally, Petitioner requests that, if the Court enforces the IRS

---

[1] All references to a "Section" refer to a section of Title 26 of the United States Code (i.e., Internal Revenue Code of 1986, as amended), unless otherwise specified.

Summons, the Court narrow the IRS Summons to exclude tax years 2019 through 2023 because those tax years pertain to upcoming CDP or equivalent hearings. ECF No. 5 at 8.

On April 27, 2026, with leave from the Court, Respondent filed the Supplemental Response, asserting that Petitioner fails to show that the Court has jurisdiction over the Petition, service of the IRS Summons was unlawful, or the IRS Summons was issued to harass, oppress, or abuse Petitioner. ECF No. 8 at 2–3, 6.

## III. PETITION TO QUASH (ECF NO. 1)

### A. Legal Standard

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation modified). Because it is presumed that a cause lies outside the Court's limited jurisdiction, "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). Significantly, "[a] private party may sue the United States only if the United States has waived sovereign immunity." *United Aeronautical Corp. v. United States Air Force*, 80 F.4th 1017, 1022 (9th Cir. 2023). Accordingly, "[j]urisdiction over any suit against the Government requires a clear statement from the United States waiving sovereign immunity, together with a claim falling within the terms of the waiver." *Mollison v. United States*, 568 F.3d 1073, 1075 (9th Cir. 2009). Moreover, "limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Id.* (citation modified). If the United States has not waived sovereign immunity, then the Court must dismiss the case for lack of subject matter jurisdiction. *United Aeronautical Corp.*, 80 F.4th at 1022.

The Internal Revenue Code provides a limited waiver of sovereign immunity. Section 7602 authorizes the IRS to issue a summons for the purpose of "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax . . . or collecting any such liability." 26 U.S.C. § 7602(a); *see also Action Recycling Inc. v. U.S.*, 721 F.3d 1142, 1144 (9th Cir. 2013)

(same). In turn, if the IRS issues a summons to a third party, the IRS must generally give "notice of the summons" to "any person . . . identified in the summons." *See* 26 U.S.C. § 7609(a)(1), (b)(1). Anyone entitled to notice under Section 7609(a) can bring a motion to quash the summons. 26 U.S.C. § 7609(b)(2)(A). And the Internal Revenue Code gives district courts jurisdiction to hear and determine a motion to quash, "thereby waiving the sovereign immunity of the United States." *Polselli v. IRS*, 598 U.S. 432, 435 (2023) (citation modified); *see also* 26 U.S.C. § 7609(h) ("The United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceeding brought under subsection (b)(2), (f), or (g)."); *Mollison*, 568 F.3d at 1075 ("Section 7609(b)(2) constitutes the government's consent to waive sovereign immunity and subject itself to a legal challenge in court.").

However, there are exceptions to the notice requirement. *See* 26 U.S.C. § 7609(c)(2). In relevant part, Section 7609(c)(2) provides that notice is not required if the summons is: (i) "served on the person with respect to whose liability the summons is issued, or any officer or employee of such person;" or (ii) "issued in aid of the collection of . . . an assessment made or judgment rendered against the person with respect to whose liability the summons is issued." *See* 26 U.S.C. § 7609(c)(2)(A), (c)(2)(D)(i); *see also Polselli*, 598 U.S. at 435 (identifying the exceptions to the notice requirement in 26 U.S.C. § 7609(c)(2)). "By 'assessment,' the Code refers to the official recording of a taxpayer's liability." *Polselli*, 598 U.S. at 438.

Because only a party entitled to notice of an IRS summons may bring a motion to quash against the United States, the exceptions in Section 7609(c)(2) effectively limit the sovereign immunity waiver found in Section 7609(b). *Viewtech, Inc. v. United States*, 653 F.3d 1102, 1104 (9th Cir. 2011) ("The issue of who gets notice is highly significant because only a person who is entitled to notice may bring a proceeding to quash such a summons.") *abrogated on other grounds*, *Polselli*, 598 U.S. 432; *Goddard v. United States*, No. 24-5449, 2025 U.S. App. LEXIS 14343, at *1–2 (9th Cir. June 11, 2025) ("But no notice is needed—and sovereign immunity is thus not waived—when the summons is 'issued in aid

of the collection' of 'an assessment made . . . against the person with respect to whose liability the summons is issued."). As such, this Court has jurisdiction over the Petition to Quash only if Petitioner is entitled to notice.

**B. Discussion**

Here, the IRS Summons is directed to Petitioner and relates to Officer Unger's investigation "to locate and verify assets to satisfy the federal tax liabilities that have already been assessed against" Petitioner. ECF No. 4-2 at 2 (¶ 9), 6, 10. Per Officer Unger, Petitioner's assessed federal income tax liabilities for the subject tax years exceed $10,000,000. ECF Nos. 4-1 at 6, 4-2 at 2 (¶ 8). Accordingly, the IRS Summons directs Petitioner to produce his "account and financial records" from January 1, 2025 through the date of compliance and documents related to "current vehicle registrations, real property, stocks and bonds, accounts stored value cards, online and mobile accounts, virtual currency notes and judgement [sic] receivables, and life insurance policies pertaining to him." ECF No. 4-2 at 4 (¶ 18), 6, 10. As Officer Unger explains, the information and documents sought are relevant to the IRS' collection activities regarding Petitioner as it seeks records in his possession, custody and control that would enable the IRS to create a collection information statement and determine whether Petitioner "possesses collectable assets that can satisfy his assessed tax liabilities for the subject tax years." ECF No. 4-2 at 4–5 (¶ 19). Officer Unger further confirms that he issued the IRS summons "in aid of collection of [Petitioner's] previously assessed federal tax liability for the subject tax years, namely to identify sources of assets." *Id.* at 4 (¶ 17).

The IRS Summons coupled with Officer Unger's Declaration confirms that Petitioner is not entitled to notice. Specifically, the exceptions to notice under 26 U.S.C. §§ 7609(c)(2)(A) and (c)(2)(D)(i) apply. First, because the IRS Summons was directed to and served on Petitioner and relates to his own federal tax liability, the IRS Summons was "served on the person with respect to whose liability the summons [was] issued." *See* 26 U.S.C. § 7609(c)(2)(A); *see also Steeves v. United States*, No. 24-cv-1300-DMS-AHG, 2024 U.S. Dist. LEXIS 178065, at *4–5 (S.D. Cal. Sept. 30, 2024), *aff'd*, No. 24-7086,

2026 U.S. App. LEXIS 1747 (9th Cir. Jan. 23, 2026) (holding that plaintiff did not have standing to bring a motion to quash the IRS summons because the summons was issued to plaintiff in his capacity as an officer of Camp Noble Inc. with respect to that entity's tax liability). Second, the IRS Summons was issued to aid in the collection of federal tax liabilities already assessed against Petitioner for the subject tax years. ECF No. 4-2 at 2 (¶ 9). It seeks records for purposes of collecting on the assessment against Petitioner by locating and verifying available assets to satisfy Petitioner's federal tax liabilities. *Id.* Thus, the subject of the assessment and the subject of the collection effort concern the same taxpayer—Petitioner, exempting the IRS from providing notice under 26 U.S.C. 7609(c)(2)(D)(i). *See Polselli*, 598 U.S. at 438 (explaining that the components excusing notice in Section 7609(c)(2)(D)(i) require that the subject of the assessment and the subject of the collection effort be the same delinquent taxpayer).

Accordingly, pursuant to the exceptions in 26 U.S.C. §§ 7609(c)(2)(A) and 7609(c)(2)(D)(i), Petitioner is not entitled to notice of the IRS Summons and may not move to quash the IRS Summons. And notably, Petitioner makes no argument that he is entitled to notice or otherwise points to any authority to support jurisdiction, presumably because multiple courts previously denied his petitions on the same grounds. *See, e.g.*, *Bros. Keeper Ministries v. United States*, No. 24cv803 DMS, 2025 U.S. Dist. LEXIS 11548, *4 (S.D. Cal. Jan. 21, 2025) (in determining that petitioner is not entitled to notice and therefore cannot bring a petition to quash the IRS summons at issue, the court highlighted that "Mr. Steeves [is] familiar with these legal issues"); *Steeves*, 2024 U.S. Dist. LEXIS 178065, at *4 (denying Mr. Steeves' motion to quash because he lacked standing under Section 7609(c)(2)); *Steeves*, 2026 U.S. App. LEXIS 1747, at *1 (holding that "[t]he district court properly denied Steeves's motion to quash for lack of jurisdiction because Steeves was not entitled to notice of the summons and thus could not seek to quash it").

Because Petitioner is not entitled to notice and cannot move to quash under 26 U.S.C. § 7609(b)(2)(A), no applicable waiver of sovereign immunity exists to support this action against the United States, and the Court lacks subject matter jurisdiction to hear his

Petition. This Court therefore recommends that Petitioner's Petition to Quash the IRS Summons be **DISMISSED** and Respondent's Motion to Summarily Deny the Petition to Quash be **GRANTED**.

## IV. MOTION TO ENFORCE IRS SUMMONS (ECF NO. 4)

Next, the Court turns to Respondent's Motion to Enforce. ECF No. 4. Respondent argues that the IRS Summons is valid under *Powell* and Petitioner failed to overcome its prima facie validity. ECF No. 4-1 at 12–13.

### A. Legal Standard

To enforce a summons, the Government must establish that (1) its investigation is conducted for a legitimate purpose, (2) the material sought is relevant to that purpose, (3) the information is not already in the IRS' possession, and (4) the IRS complied with all the administrative steps required by the Internal Revenue Code. *Powell*, 379 U.S. at 57–58. "The government's burden is a slight one, and may be satisfied by a declaration from the investigating agent that the *Powell* requirements have been met." *Crystal v. United States*, 172 F.3d 1141, 1144 (1999) (citation modified); *see also Combs v. United States*, No. 24-cv-2310-DMS-MSB, 2025 U.S. Dist. LEXIS 43121, *8 (S.D. Cal. March 10, 2025) (same). "The burden is minimal because the statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted." *Crystal*, 172 F.3d at 1144 (citation modified).

Once the Government satisfies the *Powell* elements, the burden shifts to Petitioner "to disprove the actual existence of a valid civil tax determination or collection purpose" by the IRS. *Crystal*, 172 F.3d at 1144. "Without a doubt, this burden is a heavy one," and "enforcement of a summons is generally a summary proceeding to which a taxpayer has few defenses." *Id.* (citation modified). To make the required showing, the objecting taxpayer must present specific facts and evidence to support claims of bad faith or improper purpose. *Id.* "The taxpayer may challenge the summons on any appropriate grounds, including failure to satisfy the *Powell* requirements or abuse of the court's process." *Id.*

The "dispositive question in each case is whether the Service is pursuing the authorized purposes in good faith." *Id.* at 1144–45 (citation modified).

**B. Discussion**

1. <u>Prima Facie Validity</u>

In support of its Motion to Enforce, Respondent offers the declaration of Officer Unger (ECF No. 4-2), who addresses each of the *Powell* elements. *See* ECF No. 4-1 at 6.

First, Officer Unger is conducting an investigation to aid in the collection of outstanding federal tax liabilities assessed against Petitioner for the subject tax years. ECF No. 4-2 at 2 (¶ 9). As such, he seeks to locate and verify assets to satisfy those tax liabilities. *Id.* And in furtherance of that investigation, Officer Unger issued the IRS Summons. *Id.* at 4 (¶ 17). The collection of federal tax liabilities is a legitimate purpose that satisfies the first *Powell* element. *Keith Ngo v. United States*, 699 F. App'x 617, 619 (9th Cir. 2017) (finding that the IRS summons was issued for the legitimate purpose of investigating the claimant's earnings and assets for the collection of the claimant's outstanding tax liability).

Second, the IRS Summons directs Petitioner to produce account and financial records as well as "all current vehicle registration certificates, real property, stocks and bonds, accounts stored value cards, online and mobile accounts, virtual currency notes and judgement receivables, and life insurance policies pertaining to him." ECF No. 4-2 at 4 (¶ 18), 6. Officer Unger confirms that the documents and information summoned "may be relevant to the IRS's collection activities with respect to [Petitioner's] outstanding tax liabilities for the subject tax years." *Id.* at 4–5 (¶ 19). Such records will "enable the IRS to create a collection information statement for the subject tax year," which in turn will allow the IRS "to determine whether [Petitioner] possesses collectable assets that can satisfy his assessed tax liabilities." *Id.* Thus, the information sought is relevant to the IRS' collection efforts against Petitioner, meeting the second *Powell* element.

Third, Officer Unger confirms that the IRS Summons seeks information regarding Petitioner's "assets, liabilities, or account[s] held in his name or for his benefit" that is in Petitioner's "custody, possession, or control." *Id.* at 4–5 (¶ 19). Officer Unger further

confirms that the information sought is "not currently in the possession of the IRS," *id.*, and Petitioner makes no argument to the contrary. Respondent therefore satisfies the third *Powell* element.

Finally, Officer Unger attests that he "followed all administrative steps required by the Internal Revenue Code for issuance and service of the summons," meeting the fourth *Powell* element. *Id.* at 5 (¶ 20).

Accordingly, based on Officer Unger's declaration, Respondent has met its slight burden of establishing a prima facie case for enforcing the IRS Summons. *United States v. Clarke*, 573 U.S. 248, 254 (2014) (the IRS can satisfy its burden "by submitting a simple affidavit from the investigating agent").

2. Petitioner's "Heavy" Burden to Disprove the Validity of the IRS Summons

The burden now shifts to Petitioner to present specific facts and evidence to disprove the validity of the IRS Summons. *Crystal*, 172 F.3d at 1144 (once the government establishes the *Powell* elements, the petitioner bears the burden to disprove the actual existence of a valid civil tax determination or collection purpose by the IRS). Petitioner fails to carry his burden.

As an initial matter, Petitioner argues at length that issuance of the IRS Summons *following* his requests for and/or the setting of CDP or equivalent hearings is somehow improper. ECF Nos. 1 at 2–3, 5 at 3, 5–6. Except Petitioner admits that "no law or administrative regulation prohibits Officer Unger from issuing a summons for the same tax years that are subject to a CDP or equivalency hearing." ECF Nos. 5 at 5–6, 5-2 at 2 (¶ 6). As such, this argument fails to establish that the IRS Summons is invalid.

Petitioner also suggests that Officer Unger's personal service of the IRS Summons at Petitioner's residence constitutes a "communication" that violates 26 U.S.C. § 6304 and the Internal Revenue Manual ("IRM"). ECF No. 5 at 4–7. As such, Petitioner contends that the IRS does not meet the fourth *Powell* element, *i.e.*, compliance with the Internal Revenue Code. ECF No. 5 at 6–7. In relevant part, Section 6304 prohibits communications with "a taxpayer in connection with the collection of any unpaid tax . . . if the Secretary

knows the taxpayer is represented by any person authorized to practice before the Internal Revenue Service with respect to such unpaid tax." 26 U.S.C. § 6304(a)(2).

Here, Officer Unger knew Petitioner was represented by counsel, *see* ECF No. 4-2 at 3 (¶¶ 11, 15), but the Court is not persuaded that service alone is the equivalent of a "communication" prohibited by Section 6304(a)(2). First, Petitioner fails to cite any case law to support this contention. ECF No. 5 at 4–7. Second, Petitioner does not identify any direct communication or even contact between him and Officer Unger at the time of service regarding any matter, including Petitioner's unpaid taxes. *See generally* ECF Nos. 1, 5; *see also* ECF No. 4-2 at 7 (Officer Unger left the IRS Summons with "Doreen Angelucci" at Petitioner's residence). Third, the act of service alone does not demonstrate a "communication" given that the Internal Revenue Code expressly authorizes Officer Unger to issue and serve the IRS Summons. *See* 26 U.S.C. §§ 7602, 7603; *Angelucci v. United States*, No. 26-cv-00563-BAS-GC, 2026 U.S. Dist. LEXIS 73992, *18 (S.D. Cal. Apr. 3, 2026), report and recommendation adopted, 2026 U.S. Dist. LEXIS 95661 (S.D. Cal. Apr. 30, 2026) (rejecting argument that Officer Unger's personal service and minimal communications with petitioner violated Section 6304(a)(2)). In the absence of any actual communication between Petitioner and Officer Unger at the time of service, and case law supporting Petitioner's position, Officer Unger's personal service of the IRS Summons does not invalidate the IRS Summons.

In a similar vein, Petitioner argues that issuance of the IRS Summons constitutes harassment, oppression, or abuse in violation of 26 U.S.C. § 6304(b). ECF Nos. 1 at 2, 5 at 4. Section 6304(b) prohibits the IRS from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any unpaid tax." 26 U.S.C. § 6304(a)(2). Conduct that violates Section 6304(b) includes: (i) the "use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person;" (ii) the "use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader;" (iii) calling or "engaging any person in telephone conversation repeatedly or

continuously with intent to annoy, abuse, or harass any person at the called number;" and (iv) placing telephone calls "without meaningful disclosure of the caller's identity." 26 U.S.C. § 6304(b)(1)–(4).

Other than his bare assertions and conclusory allegations that Officer Unger was harassing him, Petitioner points to no specific facts or evidence showing that Officer Unger engaged in any conduct that violates Section 6304(b). *See generally* ECF Nos. 1, 5. Moreover, while Petitioner believes that Officer Unger harbors some personal "animus" against him, Petitioner points to no conduct other than the issuance and service of the IRS Summons and mailing of correspondence notifying Petitioner of his tax liabilities and procedural rights. ECF No. 5 at 4–6. None of this conduct rises to the level of harassing, oppressive, or abusive conduct that violates Section 6304(b) or otherwise supports the conclusion that Officer Unger was acting in bad faith or for an improper purpose. In short, Petitioner does not meet his heavy burden to disprove the validity of the IRS Summons. *See Crystal*, 172 F.3d at 1152 (affirming that the taxpayer must allege specific facts and evidence to support his allegations of bad faith or improper purpose).

Finally, to the extent Petitioner asks the Court to narrow the IRS Summons by excluding those tax years that are the subject of an upcoming CDP or equivalent hearing, the Court lacks authority to consider this request. As already noted, this Court lacks jurisdiction to entertain Petitioner's request to quash the IRS Summons. *See Steeves*, 2024 U.S. Dist. LEXIS 178065, at *4 (denying petitioner's motion to quash because he lacked standing under Section 7609). It therefore follows that any request by Petitioner concerning the IRS Summons also fails for lack of jurisdiction. Notably, even if jurisdiction existed, as Petitioner admits, no law or regulation prohibits the issuance of a summons for tax years that are subject to a pending CDP or equivalent hearing. As such, there is no legal basis for narrowing the IRS Summons as Petitioner suggests. Therefore, the Court recommends that Petitioner's request to amend the IRS Summons be **DENIED**.

In sum, because Respondent establishes that the IRS Summons is valid and Petitioner does not meet his heavy burden to disprove its validity, the Court recommends that Respondent's Motion to Enforce be **GRANTED**.

3. Petitioner's Evidentiary Objections

Lastly, Petitioner raises several evidentiary objections to Officer Unger's declaration (ECF No. 4-2 at 1–5). *See* ECF No. 5-3. Respondent argues that the objections are "background facts that are not necessary to determine the validity of the summons" and asserts that the "objections should be summarily denied." ECF No. 8 at 9–10. The Court **RECOMMENDS OVERRULING** the objections for the following reasons:

1. "Page 2, lines 9–10;" "Page 2, lines 11–13;" "Page 2, line 26 through Page 3, line 1;" "Page 3, lines 1 through 3;" "Page 3, line 27 through Page 4 line 2;" and "Page 4, lines 4 through 5": The Court does not rely on these statements as a basis for its conclusions, and therefore the objections are **MOOT**.
2. "Page 3, lines 9 through 12;" "Page 3, lines 12–13;" "Page 3, lines 24 through 25;" and "Page 5, lines 4 through 5": Petitioner states no legal basis in support of the objections.

## V. CONCLUSION

**IT IS HEREBY RECOMMENDED** that Judge Bashant issue an Order: (1) approving and adopting this Report and Recommendation; (2) dismissing for lack of jurisdiction the Petition to Quash Internal Revenue Service Summons (ECF No. 1), including Petitioner's request to amend the IRS Summons (ECF No. 5); and (3) granting the Motion to Summarily Deny Petition to Quash and Enforce IRS Summons (ECF No. 4).

**IT IS HEREBY ORDERED** that any party to this action may file written objections to this Report and Recommendation with the Court and serve a copy on all parties by no later than August 10, 2026. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections must be filed with the Court and served on all parties by no later than August 24, 2026. The document should be

captioned "Reply to Objections to Report and Recommendation."

The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's Order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *see also Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

**IT IS SO ORDERED**.

Dated: July 27, 2026

Honorable Valerie E. Torres
United States Magistrate Judge